0253

Betty J. REED, Individually and Executrix of the Estate of Heyward A. Reed, deceased; and H. A. Reed and Associates, Incorporated, Respondents, v. Mendel C. BOYKIN, Sr., Appellant.

(320 S. E. (2d) 68)

Court of Appeals

*Leo A. Dryer,* West Columbia, *for appellant.*

*Timothy G. Quinn,* Columbia, *for respondents.*

Heard May 30, 1984.

Decided Dec. 10, 1984.

GARDNER, Judge:

Plaintiff Reed, as executrix of the estate of her deceased husband, H. A. Reed, brought this action to establish the ownership of H. A. Reed and Associates, Inc., a corporation operating a general insurance agency, and to enjoin appellant Boykin from interfering with the business. Boykin counterclaimed that H. A. Reed in March 1979, before his death in December 1979, contracted to sell him a 50 percent interest in the corporation. The appealed order declares plaintiff Reed to be the sole owner of the corporation and enjoins Boykin from interfering with the business. We affirm.

In March 1979, the deceased, H. A. Reed, and Boykin signed a paper purporting to be a contract by which Reed was to sell 50 percent of the stock of H. A. Reed and Associates, Inc. to Boykin. Boykin testified he prepared the paper and that Reed marked through it a number of times; it contained no recital of consideration; admittedly an addendum was to be added to it. There was never a meeting of the stockholders during Reed's life to effect the transfer of the stock or to elect Boykin to the Board of Directors.

The appealed order, which held the alleged contract to be void for indefiniteness, was based in part upon the trial judge's finding of fact that the parties intended to execute an addendum to complete the contract; on appeal Boykin asserts that this ruling constitutes an abuse of discretion.

The appealed order held the contract to be void for indefiniteness and uncertainty; this was partially based upon the failure of the contract to state a consideration for the transfer of the stock and because Boykin admitted that an addendum was to be added to establish an agreement pertaining to insurance commissions, a material part of the alleged contract.

Where the parties intend to reduce some material part of a contract to writing, and it is not reduced to writing, there is no contract. *Bugg v. Bugg,* 272 S. C. 122, 249 S. E. (2d) 505 (1978).

"Vagueness of expression, indefiniteness and uncertainty as to any of the essential terms of an agreement [such as consideration, as we have in the instant case] have often been held to prevent the creation of an enforceable contract." 1 CORBIN ON CONTRACTS, § 95 (1963).

The evidence of record supports the conclusion of the trial judge that there is no enforceable contract by which H. A. Reed sold one-half interest in H. A. Reed and Associates, Inc.

Boykin also urges on appeal that the trial judge erred in allowing several witnesses to testify about statements made by the deceased H. A. Reed. We agree that these rulings were erroneous because the statements were hearsay, but hold them to be harmless errors. The testimony objected to is not material to whether the alleged contract to sell the stock to Boykin is unenforceable for the reasons herein stated.

The record supports the findings of fact and conclusions of law by the learned trial judge. The judgment below is

Affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.